United States District Court
Southern District of Texas

**ENTERED**
October 09, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARZOU H.[1], | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:25-cv-228 |
| | § | |
| JOSEPH FREDEN, *et al.*, | § | |
| *in their official capacities* | § | |
|     Respondents. | § | |

## ORDER FOR SUPPLEMENTAL BRIEFING

On October 8, 2025, this case was referred to the undersigned U.S. Magistrate Judge. Dkt. No. 21. The case was transferred from the United States District Court for the Western District of New York to the United States District Court for the Southern District of Texas, Brownsville Division. Dkt. No. 19. Petitioner Arzou H. filed a Petition for a Writ of Habeas Corpus on July 4, 2025. Dkt. No. 1. Petitioner names Respondents Joseph Freden, in his official capacity as Field Office Director for the Buffalo Field Office, U.S. Immigration and Customs Enforcement (USCIS); Steven Kurzdorfer in his official capacity as Acting Field Office Director; Buffalo Field Office, USCIS; Todd Lyons, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; and Kristi Noem, in her official capacity as Secretary of Homeland Security. Dkt. No. 1.

Petitioner represents that in 1996, she received an *in abstentia* order of deportation from a Buffalo Immigration Court. Dkt. No. 1, p. 3. Afterwards, Petitioner represents she, "[a]t some point, . . . was released on an Order of Supervision." *Id*. Additionally, Petitioner puts forth that she has "complied with her Order of Supervision, checking in with ICE periodically since then." *Id*. According to Petitioner, "[o]n or about June 24, 2025, [Petitioner] . . . was . . . apprehended by ICE officers[,] detained without warning or process." Dkt. No. 1, p. 4. Petitioner argues that "her detention . . . is not related to any lawful detention authority." Dkt. No. 1, p. 5.

---

[1] Due to significant privacy concerns in immigration cases and noting that judicial opinions are not subject to Federal Rule of Civil Procedure 5.2, any opinion, order, judgment, or other disposition in this case will refer to Petitioner's last name using only the first initial.

On July 16, 2025, Respondents filed a Motion to Dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Dkt. No. 5. Respondents' filing includes a declaration from a Deportation Officer at the Buffalo Federal Detention Facility in Batavia, New York. Dkt. No. 5-1, p. 1. The Officer states that Petitioner is "an alien with a final order of removal." *Id*. Respondents challenged the Court's subject matter jurisdiction on the basis that Petitioner was not detained in New York when her petition was filed. Dkt. No. 5-2, pp. 4-7. Respondents have yet to present their legal justification for apprehending and detaining Petitioner.

In Petitioner's Sur-Reply, Petitioner frames her cause of action as a "non-core" habeas challenge, purporting to challenge "not merely the fact that Respondents have detained her without a bond hearing, but rather Respondents' 'legal custody' over her altogether." Dkt. No. 14, p. 3.

Considering the representations by Petitioner described above, the Court is currently unable to ascertain clearly whether Petitioner is challenging issues for which she must first exhaust remedies available through the Immigration courts.

Now, the Court **ORDERS** Petitioner to file a supplemental brief demonstrating why the Court has subject matter jurisdiction over her action, so the Court may determine its jurisdictional ability to entertain Arzou H.'s petition. Petitioner should identify whether she has exhausted her administrative remedies and provide factual supplements to the Court to support her position.

Petitioner's supplemental brief is due **no later October 30, 2025**.

Respondent shall also file under seal – **no later than October 23, 2025** – a Bates stamped copy of Petitioner's A-file.

Signed on October 9, 2025.


_Karen Betancourt_
Karen Betancourt
United States Magistrate Judge