UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARZOU HAMI, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:25-CV-228 |
| | § | |
| JOSEPH FREDEN, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER

Petitioner Arzou Hami is currently detained by Immigration and Customs Enforcement at the El Valle Detention Facility in Willacy County, Texas.  Petitioner is subject to a final order of removal.  In this habeas action, she alleges that her removal is not reasonably foreseeable and requests her immediate release based on *Zadvydas v. Davis*, 533 U.S. 678 (2001). (Pet., Doc. 1)

In addition to contesting Petitioner's *Zadvydas* claim, Respondents move to dismiss the case for lack of subject matter jurisdiction. (Motion, Doc. 32)

A United States Magistrate Judge recommends that the Court deny Respondents' Motion to Dismiss (Doc. 32) and grant in part the Petition for Writ of Habeas Corpus (Doc. 1). (R&R, Doc. 45)  The recommended relief includes the issuance of an Order requiring Petitioner's release from detention "subject to supervision in accordance with 8 U.S.C. § 1231(a)(3) and 8 C.F.R. § 241.5." (R&R, Doc. 45, 15)

The Magistrate Judge advised the parties that "[w]hen filing an objection, a party must object to specific facts or legal findings in this Report and Recommendation.  The District Judge is not required to consider frivolous, conclusive, or general objections." (R&R, Doc. 45, 15 (citing *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987)).  This advisement aligns with the established principle that when a party objects to a Magistrate Judge's Report and Recommendation, the court "shall make a de novo determination *of those portions of the report*

1 / 3

*or specified proposed findings or recommendations to which objection is made.*" 28 U.S.C. § 636(b)(1)(C) (emphasis added); *see also* FED. R. CIV. P. 72(b)(2) (requiring parties to file "specific written objections to [a Magistrate Judge's] proposed findings and recommendations"). The requirement of specific objections "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985).

Here, Respondents timely filed objections to the Report and Recommendation. But they object only generally, contending that they "disagree with the Magistrate Judge's Report and Recommendation" and that "the Magistrate Judge erred for the reasons set forth by Respondents in their briefing previously filed with the court." (Objs., Doc. 46) They identify no specific factual finding or legal conclusion that they contend is erroneous. As a result, the Court finds that Respondents present over-generalized objections and fail to present any specific objection that would trigger *de novo* review.

"When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), Advisory Comm. Note (1983). The Court has reviewed the Report and Recommendation and finds no clear error within it.

As a result, the Court **ADOPTS** the Report and Recommendation (Doc. 45). It is:

**ORDERED** that Respondents' Motion to Dismiss (Doc. 32) is **DENIED**;

**ORDERED** that Petitioner Arzou Hami's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** to the extent indicated in this Order; and

**ORDERED** that by no later than May 1, 2026, Respondents shall release Petitioner Arzou Hami from custody subject to supervision in accordance with 8 U.S.C. § 1231(a)(3) and 8 C.F.R. § 241.5.

As this Order resolves the issues that Petitioner alleges in her Petitioner for Writ of Habeas Corpus, it is also **ORDERED** that the Motion to Expedite Decision (Doc. 41) is **DENIED AS MOOT**.

It is also **ORDERED** that any previously-issued injunctive relief preventing Respondents from removing Petitioner Arzou Hami (*see* Order, Doc. 18, 7) is **LIFTED**.

This is a final and appealable order.

The Clerk of Court is directed to close this case.

Signed on April 17, 2026.

Fernando Rodriguez, Jr.
United States District Judge